# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DEBBIE VINCENT**                                                                                              **PLAINTIFF**

**V.**                                         **No. 3:22-cv-00176-JTK**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                                   **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff Debbie Vincent applied for disability benefits on July 17, 2017, alleging disability beginning on September 25, 2015. (Tr. at 10). The claim was denied initially and upon reconsideration. *Id.* After conducting a hearing, an Administrative Law Judge ("ALJ") denied Vincent's application on August 5, 2019. (Tr. at 18). Vincent sought judicial review of the decision, and on February 26, 2021, the Court remanded her case for further administrative proceedings. (Tr. at 878-83).

On remand, the Appeals Council vacated the decision and remanded the case to an ALJ with directions to offer Vincent another hearing and issue a new decision. (Tr. at 945). A second hearing was held on November 17, 2021. (Tr. at 819-49). On December 9, 2021, the ALJ issued a new decision denying Vincent's application for benefits. (Tr. at 793-805). Vincent filed written exceptions to the decision, but the Appeals Council found that no changes were warranted. (Tr. at 786-89). The ALJ's decision now stands as the final decision of the Commissioner, and Vincent has requested judicial review.

For the reasons stated below, the Court[1] affirms the ALJ's decision.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

1

## II. The Commissioner's Decision[2]:

The ALJ found that Vincent had not engaged in substantial gainful activity since the alleged onset date of September 25, 2015. (Tr. at 798). At Step Two, the ALJ found that Vincent had the following severe impairments: diabetes mellitus, hyperlipidemia, degenerative joint disease of the bilateral knees, osteopenia of the right hip, and degenerative joint disease of the left hip status-post arthroplasty in 2014. (Tr. at 799).

After finding at Step Three that Vincent's impairments did not meet or equal a listed impairment, the ALJ determined that Vincent had the residual functional capacity ("RFC") to perform work at the light exertional level, except that she could only climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; kneel and crawl occasionally; and must avoid concentrated exposure to extreme cold and excessive vibration. (Tr. at 800).

At Step Four, the ALJ compared Vincent's RFC with the physical and mental demands of her past relevant work. He concluded that Vincent was still capable of performing her past relevant work as a mail sorter, both as she actually performed the job and as that job is generally performed in the national economy. (Tr. at 804-05). Thus, the ALJ concluded that Vincent was not disabled.

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.

---

[2] Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

*Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

**B. Vincent's Arguments on Appeal**

Vincent contends that substantial evidence does not support the ALJ's decision to deny benefits. She asserts that the ALJ improperly evaluated the medical opinion evidence, failed to develop the record, and overstated her daily activities. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Vincent first argues that the ALJ erred in evaluating the medical opinions and prior administrative medical findings in her case. An ALJ considers prior administrative medical findings and medical opinions as part of determining a claimant's RFC. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ does not defer or give any specific evidentiary weight to

a medical finding or opinion, regardless of the source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of each medical finding or opinion based on a number of factors, including the supportability of the medical finding or opinion, the consistency of the medical finding or opinion with other evidence in the record, the source's relationship with the claimant, any specialization the source may have, and any other factors that tend to support or contradict the medical finding or opinion. *Id*. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ will explain in the final written decision how these factors were considered. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

Vincent criticizes the ALJ's reliance on prior administrative medical findings from non-examining state agency physicians who reviewed her medical records. She argues that these findings are unreliable because the physicians did not examine her and did not review evidence that was submitted after they rendered their opinions. Vincent's arguments are not well-taken. The Commissioner recognizes state agency consultants as being "highly qualified and experts in Social Security disability evaluation," and the ALJ must consider their findings in conjunction with all other relevant record evidence in determining a claimant's RFC. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

Here, the ALJ duly considered findings from William Harrison, M.D., and Rita Allbright, M.D., who authored their findings in December 2017 and June 2018, respectively. (Tr. at 60-62, 76-80). At the initial level, Dr. Harrison found that Vincent was capable of performing light work. At the reconsideration level, Dr. Allbright assessed additional postural limitations for occasional climbing, kneeling, crouching, and crawling. A third doctor, Louis Chelton, M.D., reviewed Dr. Allbright's assessment in July 2018 and agreed with her findings. (Tr. at 427-28). The ALJ found the doctors' findings persuasive, supported by the record reviewed at the time of their respective

4

assessments, and consistent with the evidence available at the hearing level, which included benign physical exams and testimony indicating that (1) Vincent was not seeking any treatment for her impairments beyond routine care and chiropractic care and (2) her condition had not changed or curtailed her level of activity. (Tr. at 803-04, 836-38, 1419, 1423, 1440, 1444). Thus, the ALJ properly considered the physicians' assessments in light of the later-submitted evidence. The Court finds that the ALJ did not err by considering these prior administrative medical findings along with the other relevant evidence of record in determining Vincent's RFC.

The ALJ also considered medical opinion evidence from Vincent's physical therapist, Katie Holmes, DPT, who evaluated Vincent in November 2020 and found her capable of performing a range of light work. (Tr. at 1736-46). Specifically, Ms. Holmes found that Vincent demonstrated an ability to lift 18 pounds and carry up to 23 pounds on an occasional basis, frequently lift up to 9 pounds, and constantly lift up to 3.6 pounds. Based on fitness testing, Ms. Holmes rated Vincent's aerobic fitness level as average. Vincent also completed the measured maximum tolerance of 30 minutes for both sitting and standing. The ALJ found Ms. Holmes's assessment persuasive, well-supported by the exam results, and consistent with Vincent's subjective reports and testimony at the hearing level.

Vincent claims the ALJ failed to recognize that Ms. Holmes used a definition of "light work" that is inconsistent with, and less demanding than, the agency's definition of "light work" in 20 C.F.R. §§ 404.1567(b) and 416.967(b). She argues that the medical opinion supports an RFC for "something less than light work" based on the discrepancy. This argument does not win the day for Vincent. Under the most restrictive possible reading of Ms. Holmes's "light work" opinion, Vincent would only be limited to occasional lifting of 18 pounds, frequent lifting of 9 pounds, and standing or walking for more than one-third of the workday. Assuming, without deciding, that the

ALJ erred by not adopting Vincent's reading of the medical opinion, the ALJ's error was harmless. At Step Four, the ALJ found that Vincent was capable of performing her past relevant work as a mail sorter, both as generally performed and as actually performed by Vincent. (Tr. at 804-05). The *Dictionary of Occupational Titles* (*DOT*) classifies mail sorter as a sedentary occupation that only requires occasional lifting up to ten pounds and involves sitting most of the time. *See DOT* 209.687-022, 1991 WL 671812. Vincent testified that she performed her mail sorter job in a seated position and typically lifted items weighing between five and ten pounds. (Tr. at 828). Responding to the ALJ's hypotheticals, the VE testified that even if Vincent were limited to sedentary work, she would still be capable of performing her past relevant work as a sorter. (Tr. at 846-47). Vincent has not provided any indication that the ALJ would have decided her case differently had he adopted her preferred interpretation of Ms. Holmes's medical opinion. *See Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) ("An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.'") (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)).

For her next point of error, Vincent argues that the ALJ should have obtained a medical opinion from a treating or examining source. The Court rejects this argument for two reasons. First, as just discussed, the record *does* contain a medical opinion from an examining source—Ms. Holmes. Second, the ALJ was not obligated to obtain a treating or examining opinion to support the RFC determination. "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). The Eighth Circuit has unequivocally stated that "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.926, 932 (8th Cir. 2016) (citing *Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir.

2013) (affirming RFC without medical opinion evidence) and *Perks v. Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012) (same)). "In the absence of medical opinion evidence, 'medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ's residual functional capacity findings.'" *Id*. (alteration in original) (quoting *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2011)). The medical evidence in the record was more than adequate for the ALJ to make a disability determination, and Vincent has not shown any unfairness or prejudice stemming from the ALJ's alleged failure to develop the record. *See Haley v. Massanari*, 258 F.3d 742, 750 (8th Cir. 2001).

Vincent's final argument concerns the ALJ's treatment of her reported activities of daily living ("ADLs"). She argues that the ALJ erred in finding that she "performs a wide array of daily activities despite her impairments." (Tr. at 803). In so finding, the ALJ noted that Vincent is able to tend to her personal care, drive, shop, go out alone, live independently, socialize with others, go out to eat at least monthly, wash laundry and dishes, and engage in light household cleaning, yardwork, gardening, and pet care. (Tr. at 200-07, 218-25, 399-403, 836-38, 841, 1189-96, 1230-37). The ALJ's finding is both reasonable and supported by the record.

Moreover, the ALJ did not deny Vincent's claim based on her ADLs alone. Vincent's ADLs were merely one factor the ALJ considered in evaluating the credibility of Vincent's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (when evaluating subjective complaints, ALJ must consider medical evidence as well as evidence relating to claimant's daily activities; duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions). The ALJ was entitled to find that Vincent's ability to perform these activities discredits her complaints of disabling pain. *See Austin v. Kijakazi*, 52 F.4th 723, 731 (8th Cir. 2022) (finding that claimant's

7

ability to drive unfamiliar routes, occasionally go shopping alone, manage finances, and complete household chores with frequent breaks discredited her pain complaints and supported ALJ's denial of benefits). The Court finds no error in the ALJ's treatment of Vincent's ADLs.

## IV. **Conclusion**:

For the reasons stated above, the Court concludes that the ALJ applied proper legal standards and substantial evidence on the record as a whole supports the ALJ's decision. The finding that Vincent was not disabled within the meaning of the Social Security Act is hereby AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 14th day of June 2023.

_____
UNITED STATES MAGISTRATE JUDGE